## ACTION BY A RELATIVE FOR SERVICES RENDERED TO A DECEDENT.

Court of Appeals for Hamilton County.

PATRICK LEEN, AS ADMINISTRATOR OF THE ESTATE OF MAURICE H. LEEN, DECEASED, v. JANE LEEN.*

Decided, June 12, 1916.

*Contracts—Payments Made by a Decedent—To a Relative for Care and Nursing—Not Necessarily Payments in Full—Estoppel Does Not Operate Against a Further Demand—Rule in Hinkle v. Sage Not Applicable to Widow of a Nephew Not a Member of Decedent's Household.*

1. In an action against the estate of a decedent for services rendered, the compulsory silence of the plaintiff touching the defense that payments made to plaintiff by the decedent were payments in full, creates no inference that plaintiff agreed to accept the payments made as payments in full, or that no agreement was entered into between them as to further sums being due in view of the greatly increased amount of work which had been thrown upon her, and in the absence of any word or circumstance to the contrary, estoppel does not operate against a further demand in settlement.

2. The rule laid down in *Hinkle* v. *Sage*, requiring that such a claim be supported by an express contract, has no application where the plaintiff is the widow of a nephew of the decedent and did not belong to the same household.

*Anthony B. Dunlap,* for plaintiff in error.
*David Davis* and *Conway, Mueller & Conway,* contra.

JONES (E. H.), P. J.

The defendant in error, Jane Leen, brought her action in the common pleas court against Patrick Leen, as administrator of the estate of Maurice H. Leen, deceased, seeking to recover compensation at the rate of $24 per week for services rendered

---

*Motion for an order directing the Court of Appeals to certify its record in this case overruled by the Supreme Court November 21, 1916.

to the decedent, Maurice H. Leen.  In her itemized statement she charges $20 per week for nursing and care, and $4 per week for looking after the business interests of the decedent, viz., in paying taxes, insuring the property, looking after repairs, paying bills, banking money, etc.

An answer was filed in the court below denying the allegations of the petition, and thereupon the cause came on for trial before the court and jury, which resulted in a verdict and judgment for the plaintiff below in the sum of $1,613.02.

We are asked to reverse this judgment on the grounds, first, that it is not supported by sufficient evidence, and, second, because the court erred in its charge to the jury.

After carefully considering these assignments of error, the majority of the court are of the opinion that neither of them is sustained by the record.  It appears that the charge of the court was a full and fair exposition of the law as touching the issues made by the pleadings.

The complaint of the plaintiff in error that the verdict of the jury is not sustained by sufficient evidence is based upon the claim that the evidence shows that Mrs. Leen, for several years prior to the death of the intestate and up to a time within a year or so of his death, had been rendering him services in cooking, cleaning and to a limited extent nursing for him, at the rate of $3 per week.  The homes of the parties involved were near each other, being separated by only one narrow lot. During the period of time just referred to, Mrs. Leen remained at home for the most part and looked after her own household. She discontinued this work for Mr. Leen for a period of several weeks, whereupon he came over to her house and told her that he could not get along without her assistance, and asked her if she would not again help him.  To this she assented, but from this time on the evidence shows her work was much more arduous and exacting, requiring a great deal more of her time.  Mr. Leen became very much afflicted and suffered the amputation of one of his legs, by reason of which she was compelled to remain with him in his house almost continuously, day and night.

There is also evidence tending to show that she performed the services in connection with his business affairs, upon which she, in her petition, places the value of $4 per week. She received during this time the sum of $3 per week. There is no evidence, however, to show that this was paid to her in full for her services. The malady from which Mr. Leen was suffering was progressive; his condition was constantly becoming worse, and it is only fair to presume in explanation of the lack of definite understanding as to compensation that the work was becoming more and more irksome, and thus more valuable; and, also, that Mr. Leen was in no condition physically to talk with her over business matters, especially matters pertaining to his own personal care and comfort.

The action being one against the executor of a deceased person, Mrs. Leen, the plaintiff, was by statute disqualified as a witness, so there can be no inference that nothing was said between her and her patient, Mr. Leen, during his long illness about the inadequacy of the compensation he was paying her. She may have protested and remonstrated with him every time he handed her the pittance of $3 a week, and unless it occurred in the presence of a third party competent to testify, she is helpless to prove such conversations. Or, it may be that it was distinctly agreed between the parties that the sum paid to her was only on account, and represented only a part of what she was actually to receive. It seems, therefore, that any conclusion reached in this case based upon the theory that she never objected to the $3 per week or complained as to the inadequacy thereof, or any conclusion that the mere fact that weekly payments were made shows that such payments were in full, or that by receiving these weekly payments regularly she is now estopped, can only be based upon her compulsory silence, and is unsupported by any word or circumstance appearing in the record.

In view of the dissenting opinion which follows, we must add that in our opinion the rule laid down in the case of *Hinkle* v. *Sage*, 67 O. S., 256, relating to claims for services to a de-

ceased person by a relative or member of his household, can not apply here. Prior to her employment with Mr. Leen, the plaintiff had never lived in the house with him, nor did she so live after her employment. There was no blood relationship between the parties, and the only relationship that existed at this time was that Mrs. Leen was the widow of a deceased nephew of Maurice H. Leen. Neither the case above referred to nor any of the other numerous cases in which the same principle is discussed has aught to do with any condition or family relationship such as has been shown to have existed between these parties. We know of no case in Ohio, or for that matter in any other state, where it has been held that one not related to a person by blood and not in any sense a member of his family or household, is barred from recovering for services rendered unless an express contract is shown. That the rule laid down in *Hinkle* v. *Sage* and later cases is a wholesome one will not be denied. Neither can it be denied that this rule has no application whatever to the facts in this case.

In view of the evidence in the record as to the labors and responsibilities which rested upon Mrs. Leen, there certainly can be no presumption that the $3 was paid to her in full for all her services, and there was a lack of direct evidence to show that such was the case.

The jury was therefore justified under the evidence in awarding her compensation in addition to the $3 per week, and the amount was a matter entirely within the province of the jury and for its determination. In the absence of any indication of passion or prejudice, the jury having been made fully acquainted with the nature of the services which she rendered, the judgment will be affirmed.

JONES (Oliver B.), J., concurs; GORMAN, J., dissents.


GORMAN, J., dissenting.

The evidence in this case discloses that during the entire time that the plaintiff rendered the services to the defendant's intes-

tate she was paid each week the sum of $3 and received the same as her compensation for the services rendered. She made no complaint or objection to the amount paid her. She never notified or apprised the decedent that she was dissatisfied or expected to be paid more for her services. For a long time prior to her last employment she was also paid the sum of $3 per week. Under these circumstances it appears to me that she is now estopped from claiming that her services are worth more than $3 per week. "He who will not speak when he should, should not be heard to speak when he would." The decedent's mouth is closed in death, and it appears to me that the acceptance of the amount paid her each week estops her from claiming that she was entitled to more, after the death of Mr. Leen.

The cupidity and avarice of relatives of deceased persons so frequently tempt them to make claims against their estates, especially when they are dissatisfied with some provision made for them by the deceased, that the courts should frown upon all efforts to raid the estates of deceased persons.

I am fully convinced that the plaintiff in this case had no intention to make a charge of more than $3 per week for her services until after the death of Mr. Leen and that this claim upon her part was an afterthought. It appears to me that the verdict was manifestly against the weight of the evidence and that the defendant proved conclusively that the services rendered by the plaintiff to the decedent were fully paid for during the lifetime of the decedent.

For these reasons I am constrained to say that the judgment should be reversed.